**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DANTAY YVETTE BLACKWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-03160** |
| | ) | **Judge Aleta A. Trauger** |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM**

Plaintiff Dantay Yvette Blackwell brings this action under 42 U.S.C. § 405(g), seeking
judicial review of the Social Security Commissioner's denial of her application for supplemental
security insurance ("SSI") under Title XVI of the Social Security Act..

On December 13, 2017, the magistrate judge issued a Report and Recommendation
("R&R") (Doc. No. 19), recommending that the decision of the Social Security Administration
("SSA") be affirmed. The plaintiff has filed timely Objections (Doc. No. 20), to which the SSA
has responded (Doc. No. 21). For the reasons discussed herein, the court will overrule the
Objections, accept the R&R, and dismiss this action.

**I.      PROCEDURAL BACKGROUND**

The plaintiff filed her application for SSI on March 7, 2013, claiming that she had been
disabled since June 1, 2006 due to a seizure disorder. (*See* Doc. No. 13, Administrative Record
(AR) 165–70.[1]) She later amended the onset date to January 1, 2006. (AR 163.)

The SSA denied the application initially and upon reconsideration. (AR 64–89.) The

---

[1] Page number references to the administrative record are consistent with the Bates stamp
number at the lower right corner of each page.

plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), which

was conducted on April 8, 2015. (AR 27–63.) The plaintiff and a vocational expert testified at

the hearing. The plaintiff appeared *pro se*.

The ALJ issued a decision unfavorable to the plaintiff on October 6, 2015, finding that

the plaintiff was not disabled within the meaning of the Social Security Act and Regulations.

(AR 6–25.) The ALJ made the following specific factual findings:

> 1. The claimant has not engaged in substantial gainful activity since March 7, 2013, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: seizure disorder; headaches; sleep apnea; and obesity (20 CFR 416.920(c)). . . .
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). . . .
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels except that she should avoid all exposure to hazards. . . .
>
> 5. The claimant has no past relevant work (20 CFR 416.965). . . .
>
> 6. The claimant was born on March 24, 1974 and was 38 years old, which is defined as a younger individual age 18–49, on the date the application was filed (20 CFR 419.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 415.969(a)). . . .
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since March 7, 2013, the date the application was filed (20 CFR 416.920(g)).

(AR 12–21).

The Appeals Council declined review of the case (AR 1), thus rendering the ALJ's

decision the "final decision" of the Commissioner.

The plaintiff filed her Complaint initiating this action on December 8, 2016. (Doc. No. 1.) The SSA filed a timely Answer (Doc. No. 12), denying liability, and a complete copy of the Administrative Record (Doc. No. 13). On May 17, 2017, the plaintiff filed her "Memorandum" (Doc. No. 16), which the court construes as a motion for judgment on the administrative record. The SSA filed a Response. (Doc. No. 17.) On December 13, 2017, the magistrate judge issued his R&R (Doc. No. 19), recommending that the plaintiff's motion be denied and that the SSA's decision be affirmed.

The plaintiff filed Objections to the R&R (Doc. No. 20); the SSA has filed a Response in opposition to the Objections (Doc. No. 21).

## II.    STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1)(C); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In Social Security cases under Title XVI, like those under Title II, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. §§ 1383(c), 405(h). The court's review of an ALJ's decision is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811

F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). "The substantial evidence standard . . . presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "Therefore, if substantial evidence supports an ALJ's decision, the court defers to that finding, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## III.    OBJECTIONS

The plaintiff objects very generally that (1) her disability is not being taken seriously; (2) "no one is paying attention" to her complaints about the side effects of her anti-seizure medications; (3) her TennCare coverage is going to terminate, so she will no longer be able to afford her medications; (4) her driver's license was revoked as a result of her seizures; (5) she did nothing to cause her seizure disorder and believes it is unfair that other people qualify for disability as a result of impairments caused by lifestyle choices; and (6) no one will hire a person who wears a bracelet stating that she is subject to having a seizure at any moment. (Doc. No. 20, at 1.)

## IV.    ANALYSIS

### A.    Seriousness of Impairment

The magistrate judge incorporated the ALJ's detailed summary of the plaintiff's medical history into the R&R, which the court adopts and incorporates herein in its entirety. The record

establishes that the plaintiff's seizures are well controlled and that the side effects are minimized when she is compliant with her prescribed medication. The Sixth Circuit has repeatedly confirmed that evidence that medical issues can be improved with the use of prescribed drugs supports the denial of disability benefits. *See, e.g.*, *Smith v. Comm'r of Soc. Sec. Admin.*, 564 F. App'x 758, 763 (6th Cir. 2014); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987).

The plaintiff has not pointed to any evidence in the record that the ALJ failed to consider or that further supports her disability claim. The court finds, upon a review of the record as a whole, that the ALJ's decision that the plaintiff's seizure disorder was not disabling is supported by substantial evidence in the record.

**B.      Side Effects of Medications**

The record reflects that the plaintiff has never complained that any symptoms other than the seizures themselves were disabling. In reviewing the record, the ALJ took note of the plaintiff's claims that her medications made her sleepy and affected her coordination. The ALJ also observed that the medical record did not support the plaintiff's claims that the side effects themselves were sufficiently severe to impair her ability to work. In particular, the ALJ noted that the treatment records do not reflect that the plaintiff complained to her treating physician about significant adverse side effects from the medication, nor are there any medical records attributing the plaintiff's tiredness to her medications. The ALJ concluded, based on the medical record, that the plaintiff's subjective complaints of fatigue were not fully credible.

The ALJ's determination in that regard is supported by substantial evidence in the record. In particular, the plaintiff was asked at the hearing whether she had talked to her doctor about the fatigue, which she claimed had increased since he had increased her dosage of Keppra. She

responded: "We talk. He knows." (AR 52.) She further testified, however, that she had not asked the doctor about changing the dosage to help her and claimed, "I guess he figures since I don't work that . . . it's not a problem." (AR 52–53.) The medical record shows that she had complained of dizziness and tiredness in May 2013, which she blamed on her medication, but the doctor noted then that the lab results showed that the blood level of her medication was within the normal range. (AR 245.) The treating physician suspected that the plaintiff had sleep apnea and referred her twice for a sleep study, but her insurance provider refused to approve it. As a result,, there is not sufficient evidence in the medical record to confirm whether the plaintiff suffers from sleep apnea. The plaintiff herself, however, did not claim to have any impairment, other than epilepsy, that affected her ability to work. (AR 34.)

The ALJ's conclusion that the side effects from the plaintiff's medications did not have more than a minimal effect on the plaintiff's ability to work is supported by substantial evidence in the record.

### C. Access to Healthcare

The plaintiff's concerns about losing her healthcare in the future and being unable to afford her medications going forward are not trivial. A claimant's entitlement to benefits, however, is based upon a showing of disability, defined as an inability to engage in substantial gainful activity by reason of a medically determinable impairment. 29 C.F.R. § 416.905(a). At the time she applied for SSI and through the hearing date, she had insurance coverage and never contended that she was unable to afford the prescribed medication. The ALJ and this court can only determine disability based upon the current record, not based upon projection and speculation about what might occur in the future.

### D. Lifestyle Choices

The plaintiff is correct that causation of an impairment is not a factor to be considered in SSA disability determinations, with certain exceptions that do not apply here. *See, e.g.*, 20 C.F.R. § 404.1506 (providing for the exclusion of any "felony-related impairment"). The plaintiff does not actually contend that the magistrate judge or the ALJ erred in applying the law to her case.

### E.       Non-Impairment-Related Obstacles

The plaintiff's other objections concern her prospects of getting hired rather than her ability to perform substantial gainful activity. As the SSA points out, however, neither the Social Security Act nor the implementing regulations are concerned with whether a claimant would be hired for the particular job she desires. Rather, to be entitled to benefits, a claimant must first establish that she is disabled under the statute and regulations in the sense that her impairments "significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); *see also* 42 U.S.C. § 1382c(a)(3)(A) (an individual is disabled if "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months").

If so, the SSA must then consider whether jobs exist in the national economy that a person with the plaintiff's impairments can perform. 20 C.F.R. § 416.966(a). The regulations explain that it does not matter whether work exists in the claimant's immediate area, whether a specific job vacancy exists, or whether the claimant would be hired if she applied for work. *Id.* If work that a claimant could perform exists in significant numbers in the national economy, a claimant will be deemed not disabled. *Id.* § 416.966(b). In particular, the SSA is not called upon to consider such matters as a claimant's inability to get work, a lack of work in the local area, employers' hiring practices, or the fact that a claimant "would not actually be hired to do work

[she] could otherwise do." *id.* § 416.966(c).

The plaintiff has not demonstrated error on the part of the ALJ or the magistrate judge in concluding that there are significant numbers of jobs in the national economy that the plaintiff could perform, given her limitations, including the jobs of cashier, sales attendant, and storage facility rental clerk. (*See* AR 20, 54–55.)

## V.   CONCLUSION

For the foregoing reasons, the court will overrule plaintiff's Objections (Doc. No. 20), accept and adopt the magistrate judge's R&R (Doc. No. 19), deny the plaintiff's motion for judgment (Doc. No. 16), and affirm the SSA's decision.

An appropriate Order is filed herewith.

ENTER this 8th day of February 2018.

ALETA A. TRAUGER
United States District Judge